UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDY A. ROBERTS, SR., ET AL.**                       **CIVIL ACTION**

**VERSUS**                                              **NO. 16-3991**

**JOHNSON & JOHNSON, INC., ET AL.**                     **SECTION "B"(2)**

ORDER AND REASONS

Before the court are "Defendants' Motion for Summary Judgment" (Rec. Doc. 11), "Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment" (Rec. Doc. 12), and "Reply Memorandum in Support of Defendants' Motion for Summary Judgment" (Rec. Doc. 15). For the reasons set forth below, **IT IS ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED**.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff, Randy A. Roberts, Sr. alleges that he was injured as a result of being implanted with the Defendants', Johnson and Johnson, Inc. and Ethicon, Inc., Prolene® Mesh System during a surgery related to a hernia (Rec. Doc. 1). The Plaintiff claims that after he underwent a surgical procedure on January 11, 2006, involving the use of the Prolene® Mesh System, he began to experience tissue infections and had to undergo multiple revision surgeries, causing him permanent and irreparable harm (Rec. Doc. 1). The Plaintiff alleges that the

1

Defendants' device is defective and brings product liability claims against them.

**II.   FACTUAL AND LEGAL FINDINGS**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).

The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits,

depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Under Louisiana Law in order for a Plaintiff to bring a successful products liability claim he must demonstrate that the Defendant manufactured the product at issue. *Jefferson v. Lead Indus. Ass'n*, 930 F. Supp. 241, 245 (E.D. La. 1996). The Defendants' have proffered evidence that the Plaintiff's doctor did not use their device in his surgery. The implant section of operation notes recorded the day of the surgery lists the Bard® Mesh Monofilament Knitted Polypropylene System as the device that was implanted into the Plaintiff (Rec. Doc. 11-4). There is no evidence that the Defendants manufacture this product. The

Prolene® Mesh System that is manufactured by the Defendants' was not listed in the operation notes. Furthermore, the operation notes describes the Bard® Mesh device as a two dimensional object (Rec. Doc. 11-4). Conversely, Defendants' product, Prolene® Mesh System, is a three dimensional device and described in detail on the Defendants' website (Rec. Docs. 1 and 11).

The Plaintiff's argue that the operation notes from the Plaintiff's revision surgeries create a genuine issue of material fact and that the physicians reference the Defendants' Prolene® Mesh System. However, this is mere conjecture. In the referenced exhibit the physician wrote "the patient likely had a PHS system used to repair this hernia" (Rec. Doc. 12-2). The physician who was removing the infected device does not definitively conflict with the original operation notes. He merely makes an educated guess as to what he is removing from the Plaintiff's body. This is not enough to overcome the summary judgment standard. The Supreme Court has clarified, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Given the operation notes from the day the device was implanted, there is no genuine issue of material disputed fact that the Defendants

are not liable for any injuries that the Plaintiff suffered because they are not the manufacturers of the device at issue[1].

New Orleans, Louisiana, this 22nd day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Discovery closes on April 25, 2017. The parties have had ample time to conduct relevant discovery. This Court will not delay ruling on summary judgment given the undisputed facts as proffered by the Defendants.