| | |
|---|---|
| **RANDY A. ROBERTS, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3991** |
| **JOHNSON & JOHNSON, INC., ET AL.** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the court are "Plaintiffs' Motion to Alter or Amend the Judgment Pursuant to F.R.C.P. 59(e) or, Alternatively, Motion for Relief from Judgment Pursuant to F.R.C.P. 60(B)(6)" (Rec. Doc. 20) and "Defendants' Opposition to Plaintiffs' Plaintiffs' Motion to Alter or Amend the Judgment Pursuant to F.R.C.P. 59(e) or, Alternatively, Motion for Relief from Judgment Pursuant to F.R.C.P. 60(B)(6)" (Rec. Doc. 21). For the reasons set forth below,

**IT IS ORDERED** that the Plaintiffs' Motion is **DENIED.**

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Randy A. Roberts, Sr. alleges that he was injured as a result of being implanted with the Defendants', Johnson and Johnson, Inc. and Ethicon, Inc., Prolene® Mesh System during a surgery related to a hernia (Rec. Doc. 1). The Plaintiff claims that after he underwent a surgical procedure on January 11, 2006, involving the use of the Prolene® Mesh System, he began to experience tissue infections and had to undergo multiple revision surgeries, causing him permanent and irreparable harm (Rec. Doc.

1). The Plaintiff alleges that the Defendants' device is defective and brings product liability claims against them. This Court in it's March 22, 2017 Order and Reasons found in favor of the Defendants' Motion for Summary Judgment (Rec. Doc. 18). The Plaintiffs have filed an instant motion to alter or amend the previously issued judgment.

**FACTUAL AND LEGAL FINDINGS**

Fed. R. Civ. P. 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v. Libert Mut. Ins. Co.*, 2014 WL 5324987 at *1 (E.D. La. Oct. 17, 2014).

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Id.* In order for a party to prevail on a Rule 59(e) motion, it must satisfy one of the following: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is

necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law." *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F. Supp. 2d 769, 771 (E.D. La. Oct. 17, 2014).

Plaintiffs argue that the Court committed a manifest error in law or fact because it overlooked evidence regarding the Prolene® Mesh System device. Consequently, the Plaintiffs submit an affidavit of the explanting surgeon, Dr. Todd Belott (Rec. Doc. 20-2). He explains that the Prolene® Mesh System device was the one used in the Randy A. Robert's surgery (Rec. Doc. 20-2). However, this affidavit is merely the repackaging of Dr. Belott's operation notes that this Court already considered during its adjudication of the Motion for Summary Judgment. (Rec. Doc. 12-2). The affidavit is not new evidence and the Court did not commit an error by overlooking this physician's testimony. This evidence was already considered in the Court's previous Order and Reasons (Rec. Doc. 18).

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)). Here, the Court has already

ruled that this evidence is mere conjecture and does not constitute definitive proof that the Prolene® Mesh System device was used in the Plaintiff's surgery (Rec. Doc. 18). Merely converting surgery notes into an affidavit does not create new evidence. As previously stated, Rule 59(e) does not exist to allow Plaintiffs to rehash arguments that were made or could have been made prior to entry of the Order. The instant Rule 59(E) motion is without merit[1].

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that the Plaintiffs' Motion is **DENIED**.

New Orleans, Louisiana, this 22nd day of June, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Plaintiff's motion is properly construed as a Rule 59 (e) motion given that it was filed within 28 days of this Court's order. *Robinson v. Ashley*, Case No.: 10-695, 2011 U.S. Dist. LEXIS 99711, at*8 (E.D. La. Aug. 30, 2011).